IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JOHN T. LINTHICUM dba )
LINTHICUM ANGUS RANCH, )
                                     )
          Plaintiff, )
                                     )
vs. )   Case No. CIV-18-872-D
                                     )
PRAETORIAN INSURANCE )
COMPANY, )
                                     )
         Defendant. )

# **O R D E R**

Before the Court is Defendant's Motion to Dismiss [Doc. No. 9], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a response [Doc. No. 14] in opposition to the Motion, and Defendant has replied [Doc. No. 15]. The Motion is fully briefed and ripe for decision.

Plaintiff brings this diversity action to recover damages under Oklahoma law for breach of contract, insurer's bad faith, and fraud.[1] Plaintiff alleges Defendant wrongly denied his insurance claim for payment due under a livestock mortality policy, and breached its duty of good faith and fair dealing by failing to properly investigate, adjust, and pay the claim. Plaintiff also alleges Defendant's soliciting agent, Troy Alexander, misrepresented the valuation process for insured animals worth more than $100,000 and falsely stated the insured value of the covered animal (payable in the event of a covered

---

[1] Plaintiff filed suit in state court, and Defendant timely removed the case.

loss) would be the amount stated in the policy once it was approved by the underwriting department and issued. According to Plaintiff, only after the covered animal died did he learn that Defendant would actually conduct a valuation process during the investigation of the loss, and this process caused payment of his claim to be delayed and ultimately denied.

By its Motion, Defendant asserts that Plaintiff's pleading fails to state any plausible claim. Defendant contends Plaintiff's contract claim is time barred, his bad faith claim fails for lack of a viable contract claim, and the fraud claim fails because Plaintiff's factual allegations are inconsistent with the terms of the written policy.[2]

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id.* at 679. The question to be decided is "whether the complaint sufficiently alleges facts

---

[2] In its reply brief, Defendant adds as an additional basis for dismissal of Plaintiff's bad faith claim that it is improperly based on conduct that allegedly occurred in connection with the sale of the policy rather than the handling of Plaintiff's loss claim. The Court declines to consider new matter raised for the first time in a reply brief.

supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

"'[I]f the allegations [of a complaint] show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim.'" *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096-97 (10th Cir. 2009) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *accord Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018). This is so because "any party claiming the benefit of equitable tolling of a limitations period . . . [bears] the burden of [pleading and] proving justifiable circumstances." *Olson v. Federal Mine Safety & Health Review Comm'n*, 381 F.3d 1007, 1014 (10th Cir. 2004); *see Aldrich v. McCulloch Prop., Inc.*, 627 F.2d 1036, 1044 n.4 (10th Cir. 1980).

### Plaintiff's Allegations

Accepting the allegations of the Complaint as true, Defendant issued a livestock mortality insurance policy to Plaintiff on November 11, 2016, for a registered angus cow, which died during the term of the policy on July 20, 2017.[3] Plaintiff timely submitted a claim to Defendant for the loss and complied with Defendant's instructions regarding handling and inspecting the animal for coverage. Then, contrary to representations made by Defendant's agent, Mr. Alexander, during the sale of the policy, Defendant began a valuation process to determine the coverage amount of the policy. In selling the policy,

---

[3] Defendant has provided a copy of the policy (*see* Mot., Ex. 1 [Doc. No. 9-1]), which can properly be considered under Rule 12(b)(6). *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

3

Mr. Alexander had stated that, for animals valued at more than $100,000, Defendant required an appraisal to establish an insured amount for the animal during the underwriting and issuance of the policy, and once the policy was issued this stated insured amount would be payable upon a covered loss. The insured amount for Plaintiff's covered animal was $500,000. Mr. Alexander repeatedly assured Plaintiff that the policy would provide this amount of coverage if Defendant's underwriting department approved it and issued the policy.

After the loss, however, Defendant handled Plaintiff's claim in a different way, by initiating a process to determine the insured amount. Due to this process, payment due under the policy was delayed and eventually denied because Plaintiff failed to provide additional information and documentation that Defendant required. Plaintiff contends Mr. Alexander's misrepresentations and failure to disclose the requirements later imposed by Defendant regarding valuation of the animal "led to confusion, conflict and denial of [Plaintiff's] claim which otherwise could have been promptly paid upon verification of the covered death of the covered animal." *See* Compl. [Doc. No. 1-2], ¶ 20.

Specifically, Plaintiff admits that he "did not complete a request from the insurance company for his EUO [examination under oath] and his claim was declined for failure to comply." *Id.* ¶ 8. However, he alleges the following facts:

> In June 2018, [Plaintiff] offered to complete the EUO and submit additional documentation, etc., and on July 11, 2018, the insurance company indicated that they were considering [Defendant's] prior declination of coverage and the reopening of [Plaintiff's] claim. On July 27, 2018, [Defendant] declined to go forward with the EUO's or to further consider the claim.

4

*Id.* Plaintiff alleges that a final denial letter issued on July 27, 2018, stated as the reasons for Defendant's decision, Plaintiff's "continued failure to produce [certain] documents" and "failure to comply with Condition 10" of the policy, which requires an EUO and the production of all records and receipts requested by Defendant. *Id.* ¶ 12; *see* Def.'s Mot., Ex. 1 [Doc. No. 9-1] (hereafter "Policy") at 3, ¶ 10. Plaintiff alleges that if Defendant "had not refused to proceed with the offered EUO" but, instead, had completed the examination and an adequate investigation before denying reconsideration of the claim, Defendant would have been aware that the requested documentation that it "cited as lacking . . . does not exist." *See* Compl. ¶¶ 10-12.

Further, in apparent anticipation of a time-bar defense, Plaintiff alleges that he was required by the policy to "comply with Defendant's requested EUO prior to proceeding in civil litigation" and "Defendant did not decline to take his EUO until July 27, 2018." *Id.* ¶ 9. This lawsuit was filed seven days later on August 3, 2018.

## Discussion

**A.     Is Plaintiff's Breach of Contract Claim Time Barred?**

The policy provides a one-year limitations period measured from "the date of claim or loss, whichever is earlier." *See* Policy at 5. Plaintiff filed suit more than one year after his loss occurred on July 20, 2017. Defendant asserts that the one-year limitations period in its policy is consistent with Oklahoma law regarding property insurance (*see* Okla. Stat. tit. 36, § 3617), and that Plaintiff's action is time-barred due to his failure to comply with the policy provision. In response, Plaintiff argues that the running of the limitations period "should be tolled for at least the period of time that [Defendant] was

5

purportedly 'considering' [Plaintiff's] offer to submit to the very EUO it had requested" or that Defendant should be estopped by its conduct to assert a time-bar defense. *See* Def.'s Mot. at 21, 24.

Plaintiff primarily relies for his tolling argument on insurance cases that are factually distinguishable. In both *Agricultural Insurance Co. v. Iglehart*, 386 P.2d 145, 146 (Okla. 1963), and *Prudential Fire Insurance Co. v. Trave-Taylor Co.*, 152 P.2d 273, 275 (Okla. 1944), the Oklahoma Supreme Court held that an insurer had "waived the limitation provision of the policy" by negotiating or investigating a loss claim for an extended period and denying the claim only after the limitations period had expired. In this case, Plaintiff admits his claim was denied for failure to comply with policy conditions; he instead relies on subsequent conduct by Defendant that allegedly led him to believe Defendant was reconsidering the denial.[4]

In considering the issue addressed in the cited cases, the Tenth Circuit has observed that most courts, including the Oklahoma Supreme Court, "have held that conduct on the part of the insurance company in continuing and prolonging negotiations . . . operates to suspend the running of the statute of limitation until a denial of liability, after which the insured is given a reasonable time to commence suit." *See Ins. Co. of N. Am. v. Bd. of Educ.*, 196 F.2d 901, 904 (10th Cir. 1952) (footnote omitted). The court noted that the

---

[4] Both Plaintiff and Defendant submit evidentiary materials in support of their timeliness arguments. Defendant submits a copy of the initial denial letter dated December 6, 2017. Plaintiff submits copies of email correspondence exchanged between counsel for the parties in July 2018. These materials cannot be used to determine the sufficiency of the Complaint under Rule 12(b)(6) and, therefore, are disregarded.

6

opinion in *Trave-Taylor* "used both the word 'estoppel' and 'waiver'" and "referred to the fact, as in other cases, that the distinction between waiver and estoppel has not always been clearly drawn by the courts." *Id*. The Tenth Circuit found certain language in *Trave-Taylor* clearly indicated the Oklahoma Supreme Court relied on the insurance company's conduct as "operat[ing] to suspend the running of the statute of limitations until denial of liability and that thereafter the statute begins to run again and, if insufficient time remains to institute the action within the year, the insured may have a reasonable time thereafter to bring [an] action." *Id.*

In this case, it is unclear exactly what communications occurred between the parties and what conduct Defendant committed at the close of the one-year limitations period that may have caused Plaintiff to delay filing suit. Plaintiff alleges only that on July 11, 2018, Defendant "indicated" it was "reconsidering [its] prior declination of coverage and the reopening of [Plaintiff's] claim" but on July 27, 2018, "declined to go forward . . . or to further consider the claim." *See* Compl. ¶ 8. Under the circumstances, the Court is unwilling to decide as a matter of law that Defendant did not engage in conduct that might suspend the running of the limitations period for the additional 14 days necessary to render Plaintiff's action timely-filed. The Court instead finds that Plaintiff has alleged a sufficient factual basis, although barely, to avoid Defendant's time bar defense at this early stage of the case.

For these reasons, the Court finds that Plaintiff's breach of contract claim should not be dismissed as time barred.

**B.      Is Plaintiff's Bad Faith Claim Barred by Lack of a Contract Claim?**

Because the Court has declined to dismiss Plaintiff's contract claim, it does not reach the issue raised by Defendant's Motion of whether Plaintiff's bad faith claim fails for lack of a legally viable contract claim.[5]

**C.      Is Plaintiff's Fraud Claim Barred by the Terms of the Policy?**

Defendant asserts that Plaintiff's allegations do not satisfy an essential element of his fraud claim – reasonable reliance on a false, material representation – because Plaintiff could have ascertained the true facts by simply reading the insurance policy. Defendant also asserts that an unambiguous integration clause in the policy and the parol evidence rule negate any oral representations made by Mr. Alexander during contract negotiations. Plaintiff disagrees with both the legal principles on which Defendant's arguments are based and the assertion that Mr. Alexander's representations were inconsistent with the terms of the policy. Under Plaintiff's view, the written policy neither precludes reasonable reliance nor supersedes the terms orally stated by Mr. Alexander.

Regardless which party's view of the law is correct, the Court finds that Defendant's arguments ignore the substance of Plaintiff's factual allegations. Defendant makes no

---

[5]  The Court is not persuaded, however, by Defendant's argument based solely on *Davis v. GHS Health Maintenance Organization, Inc.*, 22 P.3d 1204, 1210 (Okla. 2005) ("liability under the contract is a prerequisite to recovery for bad faith breach of an insurance contract"). The Court agrees with Chief Judge Heaton that a "[p]laintiff can pursue a bad faith claim with respect to defendant's handling of his [covered] loss even though his breach of contract claim is time-barred." *Hayes v. State Farm Fire & Cas. Co.*, 855 F. Supp. 2d 1291, 1301 (W.D. Okla. 2012) (Heaton, J.); *accord Zewdie v. Safeco Ins. Co.*, 304 F. Supp. 3d 1101, 1111 n.11 (W.D. Okla. 2018) (Heaton, C.J.).   This rule is based on the holding of *McCarty v. First of Georgia Insurance Co.*, 713 F.2d 609, 612 (10th Cir. 1983) (applying Oklahoma law), which is binding on this Court.

effective response to Plaintiff's contention that the language of the policy and Mr. Alexander's representations are not facially inconsistent. Defendant instead argues in reply that, if Mr. Alexander's statements were not inconsistent with the language of the policy, they were not false. *See* Def.'s Reply Br. at 10. This is a *non sequitur*.

Plaintiff alleges that Mr. Alexander misrepresented Defendant's valuation process for expensive animals, like the covered cow, and Plaintiff learned the representation was false only after he experienced a covered loss. If the written policy that Plaintiff received did not conflict with Mr. Alexander's statements, then the policy could not have provided notice of falsity (and so negated reasonable reliance) nor superseded the oral statements (and rendered them parol evidence). The Court therefore finds that Defendant is not entitled to dismissal of Plaintiff's fraud claim for the reasons asserted in its Motion.

**Conclusion**

For these reasons, the Court finds that Plaintiff's pleading adequately states plausible claims for breach of contract, insurer's bad faith, and fraud.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 9] is DENIED.

**IT IS SO ORDERED** this 12th day of April 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE